## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| Charmine Bathelemy, | : |
| Plaintiff, | : Civil Action No.: __4:17-cv-3669__ |
| v. | : |
| GC Services, L.P., | : **COMPLAINT** |
| Defendant. | : **JURY** |

For this Complaint, Plaintiff, Charmine Bathelemy, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3.     Plaintiff, Charmine Bathelemy ("Plaintiff"), is an adult individual residing in Delray Beach, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.     Defendant, GC Services, L.P. ("GC") is a Texas business entity with an address of 6330 Gulfton Street, Houston, Texas 77081, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.**      **The Debt**

5.      Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.      The Debt was purchased, assigned or transferred to GC for collection, or GC was employed by the Creditor to collect the Debt.

8.      Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.**      **GC Engages in Harassment and Abusive Tactics**

9.      On or about June 9, 2017, GC called Plaintiff's friend in an attempt to collect the Debt.

10.      GC told Plaintiff's friend that it was calling regarding a job offer for Plaintiff and needed Plaintiff's contact information.

11.      However, GC was really trying to get Plaintiff's contact information in an attempt to collect the Debt.

**C.**      **Plaintiff Suffered Actual Damages**

12.      Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

13.      As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

2

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

14.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15.     Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted a third party for a purpose other than to confirm or correct location information.

16.     Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with a third party for an impermissible purpose.

17.     Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

18.     Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

19.     Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect the Debt.

20.     Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

21.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

22.     Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 4, 2017

Respectfully submitted,

By:  /s/ Jenny DeFrancisco

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424